UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KELVIN HAMPTON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-445-JTM-AZ |
| WARDEN, | |
| Respondent. | |

OPINION and ORDER

Kelvin Hampton, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISP-23-10-3084) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of forty-five days earned credit time and a demotion in credit class.

Hampton argues that he is entitled to habeas relief because the administrative record did not include adequate documentation with respect to the knife's chain of custody. The court construes this claim as insufficiency of the evidence claim.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represents that she found a makeshift knife in Hampton's cell. (DE # 7-1.) The administrative record includes a photograph of the knife. (DE # 7-3.) It includes a summary stating that the video recording showed correctional staff escorting Hampton away from his cell. (DE # 7-11.) It includes video recordings that are consistent with the summary. (DE # 16.) It also includes a statement in which another correctional officer represented that he saw the inmates inside the cell attack the inmate out of the cell, presumably Hampton, with a knife. (DE # 7-10.)

The administrative record further includes requests for video recording evidence in which Hampton represented as follows:

> You will see that I did not have anything in my hands, and my hands are holding the door until they were able to free their fingers. You're going to see my hands and foot holding the door until one of them got to stabbing at my hand. He got me on the top of my hand and then he got to stabbing at my foot. He got me in the foot and that is when you will see my hands going down to my foot and grabbing the knife, cutting my fingers really bad, then you will see me stabbing at the bars. At this time, I'm telling them to back up as I'm calling for help.
>
> \* \* \*
>
> You may be able to see one of them in my cell at this point with the knife when that person walked off. Look real good because I'm going to be coming out. I took off to the door, and you can see I don't have anything in my hands. You will need to look again. I'm going to be holding my hand

2

> and one foot on the door. The light skin one got his fingers caught in the door. At this time, I think you're going to see one hand on the door and one foot on the door. I'm looking and calling out for help. He got to stabbing at my hand. He got me on the top. I can remember taking my hand off the door, and then he went after my foot. He got me in the foot. I then grab ahold of the knife and was able to take it. This may be hard to see. You got to see it because after I got it, you will see me come up with it and one hand on the door and the other one stabbing in the air in the cell at this time. I'm telling them to back up off the door because I was going to hold them in the cell until the officer came.

(DE # 7-8, with minor alterations.) Though the court was not able to verify every detail articulated by Hampton due to limited perspective, the video recordings are consistent with his version of the events.

In other words, the administrative record indicates that Hampton not only possessed the knife but that used it as a weapon against other inmates. Given Hampton's admission to this effect, it is unclear why he is now contesting his guilt. He may be arguing that he did not personally bring the knife to his cell, but the conduct report more broadly charged him with possessing the knife. And Hampton expressly denies that he is asserting a claim of self-defense.[1] (DE # 21 at 4.) At base, the conduct report, the photograph, the video recordings, and Hampton's admission constitute some evidence that Hampton possessed a weapon as charged. Therefore, this claim is not a basis for habeas relief.

---

[1] Moreover, such a claim would not be successful because inmates have no constitutional right "to raise self-defense as a complete defense in prison disciplinary proceedings." *See Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007); *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994). Nor does Hampton have such a right under departmental policy. (DE # 7-14, DE # 7-15.)

Hampton argues that he is entitled to habeas relief because correctional staff denied his request to present video evidence and an incident report. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

As an initial matter, it is unclear why Hampton believes that his request for video recording evidence was denied. For security reasons, Hampton has not been allowed to review these recordings. (DE # 7-11.) Further, while the video recording evidence in the administrative record does not corroborate every detail as described by Hampton, it consists of thirteen minutes of footage from five different recording devices. (DE # 15.) Additionally, even assuming that correctional staff are withholding a more detailed recording, Hampton maintains that such a recording would have shown him using the knife against other inmates and thus possessing the knife as charged, so any such denial would amount to harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). It is similarly unclear why Hampton believes the incident report would have assisted him at the disciplinary hearing. He represents that it would have shown the knife in the possession of other inmates, but this showing would not undermine the evidence that

4

he took the knife from these other inmates and used it against them. Therefore, this claim is not a basis for habeas relief.

On a related note, Hampton filed an objection to the order denying his motion to compel video evidence entered by Magistrate Judge Abizer Zanzi. If a party files an objection to an order entered by a magistrate judge, the presiding district judge will consider it and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). On September 27, 2024, Judge Zanzi denied the motion to compel, reasoning that Hampton had not complied with the procedural requirements set forth in the Federal Rules of Civil Procedure and the Section 2254 Rules Governing Habeas Cases. (DE # 13.) He also reasoned that Hampton could not demonstrate good cause to open discovery to seek the requested video recordings because Hampton had conceded that they would show him using the knife against other inmates and would thus serve only to bolster the finding of guilt against Hampton. *Id.* The court agrees on both points and cannot find that the reasoning of this order is clearly erroneous or contrary to law. Therefore, the objection to the magistrate order is overruled.

Because Hampton has not asserted a valid claim for habeas relief, the habeas petition is denied. If Hampton wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. §

1915(a)(3) that an appeal in this case could not be taken in good faith. For these reasons, the court:

(1) OVERRULES the objection to the order denying the motion to compel (DE # 21);

(2) DENIES as MOOT the motions to extend (DE ## 18, 20);

(3) DENIES the habeas corpus petition (DE # 1);

(4) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Kelvin Hampton leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

Date: November 5, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT